IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| VERNON L. WILEY, TDCJ-CID # 573220, | § § § | |
| Petitioner, | § § § § | |
| v. | § | CIVIL ACTION NO. V-04-0105 |
| DOUG DRETKE, | § § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Vernon L. Wiley, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding. The Respondent has filed a motion for summary judgment. After reviewing the pleadings and the records, the court has determined that the motion should be granted and this action should be dismissed.

**I. Procedural History**

Wiley is serving an eighteen-year sentence for theft. *State v. Wiley*, No. 508855 (185th Dist. Ct., Harris County, Tex. Nov. 14, 1990). A procedural history concerning any appeal and post-conviction proceedings of the felony offense is not necessary or relevant because Wiley does not attack the validity of his state court conviction. Instead, the focus of this habeas action is the outcome of a prison disciplinary hearing.

On July 23, 2004, Wiley was notified that he had been charged with assaulting a TDCJ-CID officer, at the Goodman Unit, which did not result in any injury that required medical treatment. Disciplinary Case # 20040329149. *See* TDCJ-CID Disciplinary Records (DR), (Docket Entry No. 9) at 1. The alleged act was a Level 1, Code 3.3 violation of the TDCJ-CID *Disciplinary Rules and Procedures for Offenders*.[1] DR at 1, 3. The hearing was held on July 26, 2004. *Id*. The disciplinary hearing officer (DHO) found Wiley guilty based on the charging officer's report and testimony. After finding Wiley guilty, the hearing officer imposed the following punishments: (1) a loss of thirty days of commissary and recreation privileges; (2) a demotion from Line Class 1 to Line Class 3; and (3) a forfeiture of 180 days of good-time credits. *Id*.

On July 29, 2004, Wiley filed a Step 1 grievance which was denied on August 5, 2004. Disciplinary Grievance Records (DGR) (Docket Entry No. 9) at 3-4. He then filed an appeal or Step 2 Grievance on September 21, 2004, which was denied on October 4, 2004. DGR at 1-2. Wiley filed the instant habeas petition with this court on October 27, 2004.

## II. Claims

Wiley makes the following claims challenging the outcome of his disciplinary proceeding:

1. There was insufficient evidence to support a finding of guilt;

2. The lack of a non-serious injury element meant that the DHO had no jurisdiction to hear the charge;

3. Another offender was given a lesser offense for bumping an officer; and

4. The DHO was biased and refused to call Wiley's witnesses.

---

[1] http://www.tdcj.state.tx.us/publications/id/GR-106%20Web%20Final%20doc%203-23-05.pdf (visited March 22, 2006).

### III.  Standards

A. Summary Judgment

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986).

B. Exhaustion

Before a petitioner can seek habeas relief in the federal courts, he must exhaust available remedies in the state courts. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In doing so, the petitioner generally must provide the state courts with a fair opportunity to consider the substance of the claims for relief before presenting them to the federal courts. *Picard v. Connor*, 92 S.Ct. 509, 512 (1971). However, the Texas courts do not review challenges to TDCJ-CID disciplinary proceedings. *See Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). Instead, prisoners must exhaust available administrative remedies. *Baxter v. Estelle*, 614 F.2d 1030, 1031-32 (5th Cir.1980); *Lerma v. Estelle*, 585 F.2d 1297, 1298 (5th Cir. 1978). In prison disciplinary cases, inmates exhaust their state remedies for the purposes of § 2254 by pursuing the TDCJ-CID's internal grievance procedures. *Broussard v. Johnson*, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996), *citing Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993). The TDCJ-CID system currently has a two-step grievance procedure, and a prisoner must present his claims in both steps before it is exhausted. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004), *citing Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001).

C. 28 U.S.C. § 2254

With regard to claims which are exhausted, under the provisions of 28 U.S.C. § 2254(d), the federal courts generally accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998). However, the since the proceeding in this action has not been reviewed by the state courts of Texas under *Brager*, this court will consider whether Wiley's constitutional rights were violated during the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

## IV. Analysis

A. Exhaustion - Procedural Bar

Wiley presented his first claim, challenging the sufficiency of the evidence, in his Step 1 and Step 2 grievances. However, he only raised his third claim, other inmates receiving lesser punishments, in his Step 1 grievance, and his second and fourth claims, (lack of jurisdiction, bias, and failure to call witnesses) were not presented in either grievance. Wiley had fifteen days to appeal the result of the disciplinary hearing. *See* TDCJ-CID Disciplinary Rules, Major Disciplinary Hearing Script, at 38. He has failed to provide any explanation which excuses his failure to properly exhaust all of his claims, and he is barred from doing so now. *See Brager*, 704 S.W.2d at 46. Consequently, Wiley's second, third, and fourth claims are subject to dismissal. *See Baxter*, 614 F.2d 1031-32, *citing Lerma*, 585 F.2d 1299. *See also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

B. Insufficiency of the Evidence

The only exhausted claim which will be reviewed on the merits is Wiley's claim that there was insufficient evidence to support the DHO's finding of guilt. However, not all of the punishments are subject to review. In order to obtain habeas relief, a prisoner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

Wiley's challenges to the validity of punishments which temporarily denied him certain privileges or adversely affected his classification have no basis in law because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison

inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300. Wiley's loss of thirty days of commissary and recreation privileges did not implicate any due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison*, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").

Wiley's demotion to the lowest classification is not actionable either because there is no certainty that the length of his confinement has been affected. *Sandin*, 115 S.Ct. at 2302. Some Texas prisoners may earn good time to hasten their eligibility for release on parole or mandatory supervision; however, they do not have an unqualified constitutional right to earn good time in the TDCJ-ID. TEX. GOVT. CODE § 498.003(a) (Vernon Supp. 2004) ("Good conduct time is a privilege and not a right."). Wiley's contention that his rights were violated by demotion and the consequential loss of the opportunity to earn good time, which might possibly affect his chance of an earlier release, is too speculative to implicate a violation of a constitutionally protected liberty interest. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997), *citing Luken*, 71 F.3d at 193. *See also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (losing the ability to accrue good time credits does not inevitably affect the length of the sentence). *See also Malchi*, 211 F.3d at 959.

Only Wiley's loss of good-time credit is reviewable. *Houser v. Dretke*, 395 F.3d 560 (5th Cir. 2004); *Murphy v. Collins*, 26 F.3d 541, 543 n.5 (5th Cir. 1994). Unlike a defendant in a criminal

trial, a prisoner in a disciplinary proceeding has limited due process rights. *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the fact finders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." *Houser,* at 562, *citing Wolff*, 94 S.Ct. at 2978-80. There are limitations on a prisoner's ability to call witnesses, and there is no constitutional right to confrontation and cross-examination at a disciplinary hearing. *Id*.

Wiley contends that there was insufficient evidence to find him guilty. Based on the charging officer's written report and testimony, a written statement from another TDCJ-CID officer who witnessed the incident, testimony from Wiley, and a statement from one of Wiley's witnesses, the DHO found that Wiley was guilty of assaulting the officer. Disciplinary Hearing Tape (DHT), DHR, at 1, 3. During the hearing, the charging officer testified that Wiley, "turned around, and intentionally walked right into" her. DHT; *see also* DHR, at 4. Wiley admitted that he made contact but claimed that it was unintentional and that the complaining officer had walked into his path. DHT; DHR, at 3.

The DHO's decision is not subject to reversal because there was "some evidence" to support the finding. *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001); *see also Gaither v. Anderson*, 236 F.3d 817, 819 (7th Cir. 2000) ("some evidence" standard is less exacting than the "preponderance of the evidence" standard.). The finding by the DHO was not 'arbitary and

capricious' and was clearly upheld by the record.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995), *citing Smith v. Rabalais*, 659 F.2d 539, 542 (1981).

Wiley's hearing was fair and adequate, and he had the opportunity to defend himself against the charges.  *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984). The DHO had the authority to determine the credibility of the evidence and find Wiley guilty of the disciplinary infraction. *Richards v. Dretke*, 394 F.3d 291, 295 (5th Cir. 2004).  In light of the facts, the DHO's decision will not be disturbed, and Wiley's unfounded challenges to the results of his disciplinary proceeding shall be **DISMISSED**.  *Banuelos*, 41 F.3d at 234 (5th Cir. 1995); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Wiley needs to obtain a certificate of appealability before he can appeal this Memorandum and Order dismissing his petition.  A Certificate of Appealability may be issued only if Wiley makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276  (5th Cir. 2002).  To make such a showing, Wiley must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004).  For the reasons stated in this Order, Wiley has not made a substantial showing of the denial of a constitutional right.  *Houser*, 395 F.3d at 562;  *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The court **DENIES** the issuance of a Certificate of Appealability in this action.

## VI. Conclusion

The court **ORDERS** the following:

1. The Respondent's Motion to Substitute Attorney (Docket Entry No. 15) is **GRANTED**.

2. The Respondent's motion for summary judgment (Docket Entry 14) is **GRANTED**.

3. This action is **DISMISSED**, with prejudice.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 23rd day of March, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE